IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES DEPARTMENT OF )<br>AGRICULTURE RURAL HOUSING f/k/a )<br>FARMERS HOME ADMINISTRATION )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SONIA PHILLIPS and LPP MORTGAGE, LTD., )<br>f/k/a LOAN PARTICIPANT PARTNERS, LTD., )<br>)<br>Defendants. )<br>_____) | CIV. NO.: 1:08-cv-00032 |

**MEMORANDUM OPINION**

Finch, Senior Judge

I. **Introduction**

This matter comes before the Court on Defendant Sonia Phillips' Motion to Dismiss. Defendant seeks to dismiss Plaintiff United States Department of Agriculture Rural Housing's ("USDA" or "Government") action for debt and mortgage foreclosure on the grounds that the debt allegedly owed by her to the Government was discharged through satisfaction of a prior judgment covering the same mortgage now sued upon. Because both parties have submitted non-pleading documents in support of their arguments to which neither party has objected, pursuant to Federal Rule of Civil Procedure 12(d), the Court converts this Motion to Dismiss to one for summary judgment. After reviewing the Complaints, briefs and documents submitted by the parties, the Court finds that the debt now sued upon by USDA was discharged in a prior lawsuit between the United States and Defendant's father concerning the same mortgage and

1

promissory note. Additionally, the Court finds that the prior lawsuit is res judicata to this lawsuit. Accordingly, the Court grants summary judgment in favor of Defendant Phillips as to USDA's action for debt and foreclosure.

II.  Facts

On September 22, 1978, Gills and Madeline Phillips executed a mortgage and promissory note (the "September 22, 1978 Promissory Note and Mortgage" or "Note and Mortgage") in the amount of $32,700.00 in favor of USDA. (Amended Joint Final Pretrial Order ("AJFPO") ¶ 5(e) and (f).)[1] The loan was secured by the residence purchased with the loan proceeds, Plot No. 34-J, Estate Whim, Frederiskted, St. Croix. (September 22, 1978 Promissory Note, attached as Exhibit B to United States' Complaint dated December 1, 1999, Case No. 99-cv-00194, Doc. No.1 ("December 1, 1999 Compl.").)[2] On July 29, 1992, Madeline Phillips died and ownership of 34-J Estate Whim reverted solely to Gills Phillips. (Certificate of Death of Madeline Phillips, attached as Ex. C to December 1, 1999 Compl.)

Gills Phillips defaulted on his obligations under the September 22, 1978 Promissory Note and Mortgage. (AJFPO ¶ 5(g).) On December 1, 1999, the United States, acting on behalf of USDA, filed a complaint against Gills Phillips, alleging that he had failed to make payments due under the Note and Mortgage, and pursuant to the Note's acceleration cause, "elected to declare the entire principal amount of said promissory note due and payable." (December 1, 1999

---

[1] In the Amended Joint Final Pretrial Order, the parties included "Admission and Stipulations," which the Courts admits for the purposes of resolving this motion.
[2] A court may take judicial notice of its own records. See *Ratner v. Young*, 465 F.Supp. 386, 391 (D.V.I. 1979); *see also Acosta v. Hovensa, LLC*, 2010 U.S. Dist. LEXIS 16546 (D.V.I. Feb. 23, 2010) (holding that a "court may take judicial notice of documents to which no objections were made.") (citation omitted).

Compl. ¶ 9.) On October 27, 2000, this Court granted the United States a Judgment Order on its December 1, 1999 Complaint in the amount of $25,134.93, including $22,808.53 in principal, $1,598.78 in interest and $727.62 in administrative fees. (October 27, 2000 Judgment Order, Case No. 99-cv-00194, Doc. No. 13.) On May 16, 2003, the United States moved to reopen the October 27, 2000 judgment to provide for the junior interest of Defendant LPP Mortgage Ltd. ("LPP") in 34-J Estate Whim which stemmed from a Small Business Administration (SBA) loan taken out by Gills and Madeline Phillips in 1990. That SBA loan was subsequently purchased by LPP. (Gov.'s Mot. to Re-Open Judgment, attached as Ex. A to Def.'s Motion to Dismiss ("MTD").) This Court granted that motion and Defendant LPP currently has a subordinate lien against the subject property. (AJFPO ¶ 5(c).) On September 23, 2003, USDA filed a "Satisfaction of Judgment" indicating that the October 27, 2000 Judgment had been "fully satisfied to the United States." ("Satisfaction of Judgment," attached as Ex. B to Def.'s MTD.) On August 8, 2005, after being advised by counsel that a Satisfaction of Judgment had been filed, this Court ordered the case file closed. ("Order Closing File," attached as Ex. C to Def.'s MTD.)

On March 12, 2003, Gills Phillips conveyed the property to Defendant Sonia Phillips in breach of the terms of the Mortgage and Note. (AJFPO ¶ 5(h).) Gills Phillips died on September 28, 2005. (*Id.* ¶5(i).) On November 23, 2005, Defendant Phillips entered into an Assumption Agreement with USDA wherein she assumed responsibility for the Mortgage and Note taken by her deceased parents, Gills and Madeline Phillips. (*Id.* ¶5(j).) The Assumption Agreement specifically referenced the September 22, 1978 Promissory Note and Mortgage. (November 23, 2005 Assumption Agreement, attached as Ex. 2 to USDA's Am. Opp. to MTD.) On January 10, 2006, Defendant Phillips entered into a "Reamortization Agreement" with USDA on the debt

referenced in the Assumption Agreement. (AJFPO ¶ 5(k); January 10, 2006 Reamortization Agreement, attached as Ex. 3 to Am. Opp.) Defendant Phillips has failed to make monthly payments under the Mortgage and Note as assumed and reamortized. (AJFPO ¶ 5(*l*).) On April 25, 2008, USDA filed a complaint against Defendant Phillips for defaulting under the September 22, 1978 Promissory Note and Mortgage. (April 25, 2008 Compl. ¶ 12.) USDA filed a First Amended Complaint on September 1, 2008.

### III. Discussion

   a. **Conversion of Defendant's Motion to Dismiss into a Motion for Summary Judgment**

A motion to dismiss is usually "evaluated only on the pleadings." *Mele v. Federal Reserve Bank of New York*, 359 F.3d 251, 257 (3d Cir. 2004) (citations omitted). However, Defendant's Motion to Dismiss and USDA's Opposition contain numerous documents outside the pleadings, including the Assumption and Reamortization Agreements, Satisfaction of Judgment, and October 27, 2000 Judgment Order. Neither party objected to the admissibility of any of the documents submitted. The parties also filed an Amended Joint Final Pretrial Order which included joint admissions and stipulations. The Court finds that these documents and stipulations are admissible and helpful in resolving the issues presented by Defendant's Motion to Dismiss. *See Berne Corp. v. Virgin Islands*, 46 V.I. 106, 108 (V.I. Terr. Ct. 2004) (noting that because "the parties have entered into a stipulation of facts . . . there are no material issues of disputed fact . . . [and] [t]he issues presented in this matter are appropriate for summary judgment.").

Because the Court intends to rely on "matters outside the pleadings" in resolving Defendant's motion, i.e. the stipulations and documents submitted by the parties, Rule 12(d) of the Federal Rules of Civil Procedure requires that this Court convert Defendant's Motion to Dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see Hilfirty v. Shipman*, 91 F.3d 573, 578 (3d Cir. 1996) (holding that district court properly converted motion to dismiss into motion for summary judgment after accepting and considering documents outside the pleadings); *Guadalupe v. Ballentine*, 32 V.I. 55, 57 (V.I. Terr. Ct. 1995) ("The filing of the stipulated facts converts the instant motion to dismiss to one for summary judgment.").[3]

b. **Standards on a Motion For Summary Judgment**

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Nicini v. Morra*, 212 F.3d 798, 805-806 (3d Cir. 2000) (en banc). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). If the

---

[3] On March 16, 2010, this Court provided notice to the parties that it was converting Defendant's Motion to Dismiss into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). *See In re Rockefeller Center Properties, Inc. Securitites Litigation*, 184 F.3d 280, 287-288 (3d Cir. 1999) ("When a District Court decides to convert a motion to dismiss into a motion for summary judgment, it must provide the parties 'reasonable opportunity' to present all material relevant to a summary judgment motion."). The Court provided the parties with an opportunity to file additional material pertinent to Defendant's motion. Neither party filed any additional material.

nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which that party has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In reviewing the evidence, the court must give the nonmoving party the benefit of all reasonable inferences. *Bray v. Marriott Hotels*, 110 F.3d 986, 989 (3d Cir. 1997).

### c. Merger, Satisfaction and Bar of the Promissory Note and Mortgage

Defendant Phillips' Motion to Dismiss is based on the premise that the Satisfaction of Judgment filed in the prior litigation between the United States and Gills Phillips concerning the same Note and Mortgage ended all obligations under the Note and Mortgage. She contends that the Assumption and Reamortization Agreements are unenforceable because the debt supposedly assumed by those agreements was completely discharged by the Satisfaction of Judgment filed in 2003. The Court agrees.

### i. Merger of the September 22, 1978 Promissory Note and Mortgage Into the October 27, 2000 Judgment Order

"When the plaintiff recovers a valid and final personal judgment, his original claim is extinguished and rights upon the judgment are substituted for it." Restatement (Second) of Judgments § 18, cmt. a (doctrine of merger) (1982).[4] "Under the merger doctrine, a contract is

---

[4] When there is no local law to the contrary, the courts of the Virgin Islands are instructed to follow the restatements of law approved by the American Law Institute. *See* 1 V.I.C. § 4. Courts interpreting Virgin Islands law routinely apply the restatements to contract and property disputes.

6

deemed to merge with the judgment, thereby depriving a plaintiff from being able to assert claims based on the terms and provisions of the contractual instrument." *In re A & P Diversified Technologies Realty, Inc.* 467 F.3d 337, 341 (3d Cir. 2006) (citing *In re Roach*, 824 F.2d 1370, 1377 (3d Cir. 1987)); *see Virgin Islands v. Lansdale*, 172 F. Supp. 2d 636, 652-53 (D.V.I. 2001) ("A valid and final personal judgment is conclusive between the parties . . . If the judgment is in favor of the plaintiff, the claim is extinguished and merged in the judgment."); *see also Julien v. Committee of Bar Examiners for the Practice of Law*, 923 F. Supp. 707, 716 (D.V.I. 1996) (citing Restatement (Second) of Judgments § 24) (holding that a judgment extinguishes "all rights of the plaintiff to all or any part of the transactions, out of which the action arose.")

When the merger doctrine is applied to an action for mortgage foreclosure, it "provides that the terms of a mortgage are merged into a foreclosure judgment and thereafter no longer provide the basis for determining the obligations of the parties." *In re Stendardo*, 991 F.2d 1089, 1095 (3d Cir. 1993) (holding that a "mortgage is merged in a judgment entered in a mortgage foreclosure action in Pennsylvania.") (citation omitted); *see also In re Roach*, 824 F.2d at 1377 ("In New Jersey, as in many states, the mortgage is merged into the final judgment of foreclosure and the mortgage contract is extinguished. As a result of this merger, there is no longer a mortgage.") (citations omitted). In an action for foreclosure in the Virgin Islands, a court is required to address the outstanding debt, if any, in the judgment of foreclosure. See 28 V.I.C. § 531.[5] Thus, when a plaintiff sues on a promissory note and mortgage in the Virgin Islands and

---

*See e.g. Barclays Invs., Inc. v. St. Croix Estates*, 399 F.3d 570, 576 (3d Cir. 2005) (citing 1 V.I.C. § 4 and applying real property mortgage principles of Restatement (Third) of Property § 7.1); *Spell v. A&J Power Sys.*, 42 V.I. 200, 202 (D.V.I. App. 2000) (applying accord and satisfaction principles of Restatement (Second) of Contracts § 281 (1981)).

[5] Section 531 of Title 28 of the Virgin Island Code provides in pertinent part: "In such [foreclosure] action, in addition to the judgment of foreclosure and sale, if it appears that a

obtains a judgment, both the mortgage and promissory note are extinguished and the judgment takes their place.

A review of the prior litigation between the United States and Gills Phillips demonstrates that the September 22, 1978 Mortgage and Promissory Note were merged into this Court's October 27, 2000 Judgment Order. That litigation began when the United States, acting "on behalf of United States Department of Agriculture," brought a "Debt and Foreclosure of Mortgage . . . action to foreclose a real estate mortgage." (*See* December 1, 1999 Compl. 1.) In that complaint, the United States alleged that Gills Phillips defaulted on the September 22, 1978 Promissory Note and Mortgage, elected "to declare the *entire* principal amount of said promissory note due and payable" including $22,808.53 in principal and $1,598.78 in unpaid interest, and sought foreclosure of Plot No. 34-J, Estate Whim. (*Id*. ¶ 9) (emphasis added).

On October 27, 2000, this Court entered judgment in favor of the United States, granting it all the relief it requested in its December 1, 1999 Complaint – including foreclosure of the mortgage and a monetary award on the promissory note in the amount of $22,808.53 in principal, $1,598.78 in interest and $727.62 in administrative fees. (October 27, 2000 Judgment Order 2-3.) Thus, the September 22, 1978 Mortgage and Promissory Note were "merged" into the October 27, 2000 Judgment Order. *In re A & P Diversified Technologies Realty, Inc.,* 467 F.3d at 341. Once this Court entered that Judgment Order, the Government's rights under the Mortgage and Note were extinguished and replaced by its rights under the Judgment Order. *In re Stendardo*, 991 F.2d at 1095; *In re Roach*, 824 F.2d at 1377; *Lansdale*, 172 F. Supp. 2d at 652-53; Restatement (Second) of Judgments § 18, cmt a.

---

promissory note or other personal obligation for the payment of the debt has been given by the mortgagor . . . the court shall also adjudge a recovery of the amount of such debt."

### ii. Satisfaction of the October 27, 2000 Judgment Bars USDA's Current Action

The evidence demonstrates that Gills Phillips satisfied the October 27, 2000 Judgment. On September 23, 2003, the United States filed a document entitled "Satisfaction of Judgment." The Satisfaction of Judgment referred specifically to the October 27, 2000 Judgment Order and stated that "the judgment has been fully satisfied to the United States." (Satisfaction of Judgment.)[6] When interpreting a document "a court should start with the words themselves and begin with the plain meaning of the document." *In re Tops Appliance City, Inc.*, 372 F.3d 510, 514 (3d Cir. 2004) (interpreting contract language). The words of the Satisfaction of Judgment *viz.* "the judgment has been fully satisfied to the United States," are unambiguous and consistent with the position taken by the Government in its opposition to Defendant Phillips' Motion wherein it states that the "judgment obtained in the previous action was satisfied and subsequently released." (Am. Opp. 2.)

The evidence showing that the October 27, 2000 Judgment was satisfied in full, the burden now shifts to the Government to show otherwise. *Ridgewood Bd. of Educ.,* 172 F.3d at 252 (at summary judgment, once moving party presents evidence that there is no question of material fact, burden shifts to opposing party to provide evidence that genuine dispute exists). USDA argues that the Satisfaction of Judgment only released the "debt evidenced in the [October 27, 2000] judgment," not the "debt evidenced by the [September 22, 1978] mortgage." (Am. Opp. 2.) Even giving the Government the benefit of all reasonable inferences, however, the debt evidenced in the October 27, 2000 Judgment Order included the entire outstanding

---

[6] The Satisfaction of Judgment filed by the United States also referred to the $25,134.93 award contained in the October 27, 2000 Judgment Order.

balance of the Note and Mortgage, not just the payments that Gills Phillips had missed.[7] Thus, the Judgment Order contained all the debt owed under the Note and Mortgage.

USDA argues that if the debt was fully paid and released as alleged by Defendant, "there would have been no debt for Ms. Phillips to assume in November 2006." (Am. Opp. 2-3.) But, the Assumption and Reamortization Agreement do not provide a debt obligation independent of the Note and Mortgage; to the contrary, the parties have stipulated that, under the Assumption and Reamortization Agreements, Defendant Phillips "assumed responsibility for the mortgage and note taken by her deceased parents Gills and Madeline Phillips." (AJFPO ¶ 5(j).) The Assumption Agreement lists the September 22, 1978 Promissory Note and Mortgage and states that "[t]he Borrower will assume the indebtedness of the above described debt and security instrument." (Assumption Agreement ¶ 1.) Furthermore, USDA acknowledges that "the Assumption Agreement originated from the same mortgage and promissory note that was executed by the now deceased Gills and Madeline Phillips in September of 1978, which mortgage was the subject of the previous foreclosure action due to default by the deceased mortgage holders." (Am. Opp. 2.)[8]

---

[7] Defendant LPP Mortgage suggests that the United States mistakenly filed the Satisfaction of Judgment and that it was "not intended to release the underlying obligation." (See Defendant LPP Mortgage's Resp. to MTD 2.) The Government has not claimed or offered any evidence that it mistakenly filed the Satisfaction of Judgment, nor sought relief from the Satisfaction of Judgment or Order Closing File under Federal Rule of Civil Procedure 60(b). The Court notes that under Rule 60(c)(1), a motion seeking relief from a final order or judgment under Rule 60(b) based on "mistake" must be filed "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).

[8] USDA's reference to the "Certificate of Indebtedness" purportedly indicating that Sonia Phillips owes $43,293.01 in principal, interest and penalties is similarly unavailing. The Certificate of Indebtedness states that "This indebtedness is owed by virtue of a Promissory Note or Assumption Agreement executed by the debtor and secured by a Real Estate Mortgage." (Certificate of Indebtedness, attached as Ex. 4 to Am. Opp.) As discussed above, all obligations

10

The Government's filing of the Satisfaction of Judgment discharged its rights under the October 27, 2000 Judgment Order and bars relitigation of the claims encompassed by that judgment. *Little v. Dresser Industries, Inc.*, 599 F.2d 1274, 1278 (3d Cir. 1979) ("[S]atisfaction of a judgment obtained in an adversary proceeding bars another recovery for the same injury."); *Elmwood Plantation, Inc. v. Rudd Water Heater Div*. 623 F.Supp. 387, 392 (D.C.La. 1985) ("By filing the Satisfaction of Judgment in the state court record, Elmwood judicially confessed that *all* of its claims as set forth in the July 21, 1983 Judgment had been satisfied. If any of Elmwood's costs were unpaid by Ruud, Elmwood, by filing the Satisfaction of Judgment, was estopped from asserting any claim of any nature whatsoever against Ruud.") (emphasis in original); *Mr. G's Turtle Mountain Lodge, Inc. v. Roland Tp.*, 651 N.W.2d 625, 630 (N.D. 2002) ("A satisfaction of judgment on the record extinguishes the claim, and the controversy is deemed ended."); *Kennedy v. Eder*, 139 N.E. 372, 373-34 (Ind. App. 1923) ("The payment and satisfaction of a judgment operate to extinguish it and to put an end to its validity for all purposes whatsoever, and also to extinguish the original debt or claim, except where the satisfaction was obtained wrongfully or fraudulently, in which case, on its being revoked or vacated, the judgment will again be in force.").[9] By filing the Satisfaction of Judgment, the Government is estopped from asserting any further claims under the Promissory Note and Mortgage.

### d. Res Judicata Also Bars USDA's Claims

Defendant Phillips also argues that the doctrine of res judicata bars USDA's claims. "[R]es judicata is the legal principle that a final judgment, rendered upon the merits, without

---

under the Promissory Note terminated when the Government received the October 27, 2000 Judgment Order and certainly by the time it filed the Satisfaction of Judgment.
[9] The Government has not alleged nor presented any evidence that the Satisfaction of Judgment was obtained wrongfully or fraudulently.

fraud or collusion, by a court which had jurisdiction over the parties and the subject matter, is conclusive in a subsequent action between the parties or their privies based upon the same cause of action." *Guardian Ins. Co. v. Bain Hogg Int'l Ltd.*, 52 F. Supp. 2d 536 (D.V.I. 1999) (citations omitted). Under the rule of claim preclusion, a "species of res judicata, . . . a party ordinarily may not assert a civil claim arising from a transaction with respect to which he has already prosecuted such a claim." *Lansdale*, 172 F. Supp. 2d at 652 (citing Restatement (Second) of Judgments ch. 1, Scope Note (1971)). To succeed on a defense of claim preclusion, a defendant must "demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991); *Staples v. Ruyter Bay Land Partners, LLC*, 2007 U.S. Dist. LEXIS 90806, at *5 (D.V.I. 2007) (same).

Here, Defendant Phillips has met all three elements. First, it is undisputed that the prior litigation between Gills Phillips and the United States resulted in a judgment in favor of the United States. (*See* October 27, 2000 Judgment Order.) The fact that this judgment may have been obtained by default is of no moment; "a judgment obtained upon default is just as conclusive an adjudication between parties for the purposes of res judicata as when rendered after answer and complete contest in the open courtroom." *Lindquist v. Quinones*, 79 F.R.D. 158, 161 (D.V.I. 1978); *see Nanavati v. Burdette Tomlin Memorial Hosp.*, 857 F.2d 96, 111 (3d Cir. 1988) (holding that under New Jersey law, default judgment had preclusive effect); *see also Norex Petroleum Ltd. v. Access Industries, Inc.*, 416 F.3d 146, 160 (2d Cir. 2005) ("The law is well established that a default judgment is deemed as conclusive an adjudication of the merits of an action as a contested judgment.").

Second, this lawsuit involves the same parties or their privies as the 1999 lawsuit. "[P]rivity of parties exists when there is a close or significant relationship between parties or when a non-participating party's interest is represented by or derivative of a party to the litigation." *Lansdale*, 172 F. Supp. 2d at 653. In the present action, USDA is the plaintiff. In the prior action, the United States brought the lawsuit "on behalf of United States Department of Agriculture." (See December 1, 1999 Compl. 1.) As the United States was acting on behalf of the USDA, there is a close and significant relationship between them and they are in privity. *See Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-403 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.").

There is also privity between Gills and Sonia Phillips as she is his successor in interest to the subject property, 34-J Estate Whim. *Greenway Center, Inc. v. Essex Ins. Co.*, 475 F.3d 139, 149 (3d Cir. 2007) ("[P]rivity is defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right.") (internal quotations and citations omitted); *see also Staples*, 2007 U.S. Dist. LEXIS 90806 at *15 ("Because the Conservancy has an interest in the same property that forms the basis of the dispute in this action, there is sufficient privity between the Conservancy and the 2003 Defendants for claim preclusion purposes."); *Boyd-Richards v. Massac*, 35 V.I. 62, 70 (V.I. Terr. Ct. 1996) (holding that "successor in interest to the disputed property" was in privity with prior owner).

In determining the third factor, whether the causes of action are the same, Virgin Islands courts follow the Restatement, which utilizes a transactional approach. As explained *Julien v. Committee of Bar Examiners for the Practice of Law*,

> What factual grouping constitutes a transaction, and what groupings constitute a series, are to be determined pragmatically, giving weight to such consideration as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectation or business understanding or usage.

923 F. Supp. at 716 (citing Restatement (Second) of Judgments § 24). "[C]laims that are based on the same underlying transaction regardless of the alleged legal theory put forth in support of such claims will [] be barred from relitigation." *Selkridge v. United of Omaha Life Ins. Co.*, 237 F. Supp. 2d 600, 604-605 (D.V.I. 2002). This is particularly true in cases involving rights to real property. *See Bank of Nova Scotia v. Bloch*, 533 F. Supp. 1356, 1360 (D.V.I. 1982) (finding that previous action determining parties' interests in property was res judicata to second lawsuit involving same parties and their rights to same property); *see also* Restatement (Second) of Judgments § 43 (1982) ("a judgment in an action that determines interests in real or personal property. . . with respect to the property involved in the action . . . [c]onclusively determines the claims of the parties to the action regarding the interests").

USDA's present suit is based on the same cause of action as the Government's prior suit. The Government's 1999 Complaint alleged that "Gills Phillip . . . is in default under the terms of the aforesaid [September 22, 1978] promissory note and real estate mortgage" and sought "the entire principal amount of said promissory note due and payable" and foreclosure of Plot No. 34-J Estate Whim. (December 1, 1999 Compl. ¶ 9.) The current complaint alleges that "[Sonia] Phillips is in default of the obligations under the [September 22, 1978] Note and Mortgage

including, but not limited to the failure to make timely payments of the monthly installations due Plaintiff," seeks to "accelerate the indebtedness evidence by the Note and secured by the Mortgage" and asks for foreclosure of the subject property.[10] (September 1, 2008 Compl. ¶¶ 13-14.) USDA is not suing to enforce the October 27, 2000 Judgment Order, but rather the Promissory Note and Mortgage underlying that Order. Because this and the prior lawsuit allege default of the same Mortgage and Promissory Note and seek foreclosure of the same parcel of land, they arise out of the same cause of action. *See Lutzky v. Deutsche Bank Nat. Trust Co.*, 2009 WL 3584330, at *7 (D.N.J. 2009) (holding that when "the amounts due on [a] mortgage" are established by a "final judgment," the parties are "barred from [] bringing additional claims relating to the mortgage."); *Laychock v. Wells Fargo Home Mortg.*, 2008 WL 2890962, at *4 (E.D.Pa. 2008) (default mortgage foreclosure judgment against plaintiff was res judicata to her subsequent suit for predatory lending based on same mortgage agreement); *Sakhrani v. Washington Mut. Bank, F.A.*, 2006 WL 2040256, at *2 (D.N.J. 2006) (applying collateral estoppel because "[t]he underlying documents (loan and mortgage) are the same."); *Bank of Nova Scotia,* 533 F. Supp. at 1360. Accordingly, Defendant Phillips has met all three res judicata elements and USDA's current lawsuit for foreclosure and debt is barred.

---

[10] Concededly, this lawsuit involves evidence not present in the first action: the Assumption and Reamortization Agreements. While different evidence is one factor in the res judicata framework, it is not dispostive. *See e.g. Lane v. Peterson*, 899 F.2d 737, 743 (8th Cir. 1990) ("The Restatement (Second)'s 'transactional' approach to res judicata contemplates that there may be some variance in the proof required for claims that are nonetheless the 'same claim' for res judicata purposes.") The inclusion of the Assumption and Reamortization Agreements in the present lawsuit does not make this lawsuit a different cause of action. Those agreements essentially substitute Sonia Phillips in place of Gills Phillips in the September 22, 1978 Mortgage and Promissory Note and do not provide an independent basis for her liability. In this lawsuit, USDA is suing Sonia Phillips under the Note and Mortgage. As discussed *supra*, the Government's rights under the Note and Mortgage have already been determined and discharged in the prior lawsuit.

## IV. Conclusion

For the foregoing reasons, the Court concludes that summary judgment should be granted in favor of Defendant Sonia Phillips as to all claims made by Plaintiff USDA in its First Amended Complaint. Accordingly, USDA's claims against Defendant Phillips are dismissed with prejudice. An appropriate Order accompanies this Memorandum Opinion.

**ENTERED this 15 day of April, 2010**.

_____/s/_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE